**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF MISSISSIPPI**
**GREENVILLE DIVISION**

**ROGER THORSON**                                                                        **PLAINTIFF**

**vs.**                                                            **CIVIL ACTION NO.: 4:08CV129-WAP-DAS**

**CHRISTOPHER EPPS, et al.**                                                  **DEFENDANTS**

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

Plaintiff, Roger Thorson, a death-row inmate housed at the Mississippi State Penitentiary in Parchman, Mississippi, has brought suit against Defendants, (hereinafter collectively referred to as "the State") pursuant to 42 U.S.C. § 1983, for equitable and injunctive relief.  Specifically, Plaintiff seeks to enjoin the State from executing him under the existing lethal injection protocol, which he alleges is insufficient to address his current medical circumstances and insufficient to reduce the risk of an excruciating death.  Currently before the Court is Defendants' motion to dismiss the complaint pursuant to Rule 12(b)(1) and Rule 12(b)(6) of the Federal Rules of Civil Procedure.[1]

A Federal Rule of Civil Procedure 12(b)(1) motion to dismiss is a challenge to a federal court's subject matter jurisdiction.  The Court rejects the State's contention that the motion to dismiss should be granted based on its argument that Plaintiff is seeking relief on the basis of a violation of Mississippi law.  Plaintiff has asserted an entitlement to relief under the Fifth, Eighth, and Fourteenth Amendments to the United States Constitution.  As Plaintiff notes, suits for prospective injunctive relief against a state official who is alleged to be acting in violation of federal law are not barred by the Eleventh Amendment.  *See Frew v. Hawkins*, 540 U.S. 431, 437

---

[1] See docket entry no. 10.

(2004); *Cox v. City of Dallas, Tex.*, 256 F.3d 281, 307-08 (5ᵗʰ Cir. 2001).

A motion to dismiss under 12(b)(6) of the Federal Rules of Civil Procedure asserts that

the complaint fails to state a claim upon which relief can be granted. At the outset, the Court

notes that these motions are disfavored and "rarely granted." *Sosa v. Coleman*, 646 F.2d 991,

993 (5ᵗʰ Cir. 1981). The State argues that Plaintiff's complaint does nor rise above the level of

speculation, and that the existing lethal injection protocol is constitutional in light of *Baze v.*

*Rees*, ___ U.S. ___, 128 S.Ct. 1520 (2008) and *Walker v. Epps*, 287 Fed.Appx 371, 375-76, 2008

WL 2796878 (5ᵗʰ Cir. 2008).[2] In *Baze*, the Supreme Court noted that at least 30 states use the

same combination of drugs in carrying out capital punishment, and Mississippi is included

among them. *See Baze*, 128 S.Ct. at 1527. The first drug is a sedative that renders the

condemned unconscious. The second drug, administered after the condemned is unconscious, is

a paralytic agent known as Pavulon, which stops the condemned's breathing. Finally, potassium

chloride is administered for the purpose of causing cardiac arrest. *See id.* The *Baze* Court

rejected a challenge to Kentucky's lethal injection procedure using the three-drug combination,

finding that protocols substantially similar to that of Kentucky's would not violate the Eighth

Amendment. *See id.* at 1537. The State argues that in *Walker*, the Fifth Circuit noted that

"Mississippi's lethal injection protocol appears to be substantially similar to Kentucky's protocol

that was examined in *Baze*." *See Walker*, 287 Fed.Appx. at 375-76. That is true. However, in

---

[2] The State has attached to its motion an affidavit and a copy of the Mississippi Department of Correction ("MDOC") protocol produced in the *Walker* case. The Court declines to consider the attached documents and declines to treat the State's motion as one for summary judgment. *See, e.g., Ware v. Associated Milk Producers, Inc.*, 614 F.2d 413, 415 (5ᵗʰ Cir. 1980) (court has sole discretion to accept material outside of pleadings when ruling on motion to dismiss).

*Walker*, the court was considering whether to grant a stay of execution and not examining the adequacy of the protocol itself. *See id.* at 374. As Plaintiff argues, and this Court agrees, the Plaintiff in *Baze* made concessions about the procedure not made in the instant case, and the case was decided only after the factual record had been completely developed.

In this case, Plaintiff alleges several deficiencies with the current protocol. For example, he maintains that the personnel administering the sedative designed to render the condemned unconscious are untrained and that he is taking multiple State-prescribed medications whose effects on the protocol are not considered by the executioners. Plaintiff maintains that these medications make it likely that he will not be properly sedated prior to the administration of the paralytic agent, which would mask his violent, excruciating death.

"When considering a motion to dismiss for failure to state a claim, the district court must take the factual allegations of the complaint as true and resolve any ambiguities or doubts regarding the sufficiency of the claim in favor of the plaintiff." *Fernandez-Montes v. Allied Pilots Ass'n*, 987 F.2d 278, 284 (5th Cir. 1993). A plausible claim for relief survives a motion to dismiss. *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1950 (2009). Plaintiff has alleged sufficient facts that, taken as true, plausibly would entitle him to relief. Therefore, the State's motion to dismiss is **DENIED.**

**SO ORDERED** this the 22nd day of June, 2009.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE