# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF MISSISSIPPI GREENVILLE DIVISION

**ROGER THORSON**                                                                                          **PLAINTIFF**

**vs.**                                                                            **Civil Action No. 4:08-CV-129-P-S**

**CHRISTOPHER EPPS, Commissioner of the**
**Mississippi Department of Corrections,**
**LAWRENCE KELLY, Superintendent of the**
**Mississippi State Penitentiary at Parchman,**
**and JOHN DOES 1-50**                                                                                    **DEFENDANTS**

## ANSWER AND AFFIRMATIVE DEFENSES

COME NOW Defendants Christopher Epps, Commissioner of the Mississippi Department of Corrections, hereafter MDOC, and Lawrence Kelly, Superintendent of the Mississippi State Penitentiary at Parchman, (sometimes referred to as the "State Defendants") and file their Answer and Affirmative Defenses.

## ANSWER

### Nature of Action

1. The State Defendants admit that the Plaintiff has filed a complaint which contains allegations of constitutional violations in connection with execution by lethal injection. The State Defendants deny the allegations in paragraph one.

2. The State Defendants deny the allegations in paragraph two.

3. The State Defendants deny the allegations in paragraph three.

4. The State Defendants deny the allegations in paragraph four.

5. The State Defendants deny the allegations in paragraph five.

6. The State Defendants deny the allegations in paragraph six.

7. The allegations contained in paragraph seven of the Plaintiff's complaint do not contain specific factual allegations against the State Defendants, however, if it is construed that an Answer is required, the State Defendants deny the same.

### Jurisdiction and Venue

8. The State Defendants deny the allegations in paragraph eight.

9. The State Defendants deny the allegations in paragraph nine.

### The Parties

10. Admitted.

11. Admitted.

12. Admitted.

13. The allegations contained in paragraph thirteen of the Plaintiff's complaint do not contain specific factual allegations against the State Defendants, however, if it is construed that an Answer is required, the State Defendants deny the same.

### General Allegations

14. The State Defendants submit the statute speaks for itself.

15. The State Defendants submit the statute speaks for itself.

16. The State Defendants submit the statue speaks for itself and otherwise deny any legal arguments or conclusions contained in paragraph sixteen.

17. The State Defendants specifically admit that in carrying out the execution of the sentence of the Plaintiff, that the Department of Corrections will follow to the letter, the statutory, agency and other legally imposed procedures to carry out and effect the sentence of death. The Defendants deny that the remaining allegations contained in paragraph fifteen of the

Plaintiff's complaint truthfully, accurately and inclusively set forth and aver the protocol and other procedures prescribed by statute and adopted by the Mississippi Department of Corrections in discharging its duty to carry out and effect a sentence of death.

18. The State Defendants deny the allegations contained in paragraph eighteen of the Plaintiff's complaint.

19. The State Defendants deny the allegations contained in paragraph nineteen of the Plaintiff's complaint.

20. The State Defendants deny the allegations contained in paragraph twenty of the Plaintiff's complaint.

21. The State Defendants deny the allegations contained in paragraph twenty-one of the Plaintiff's complaint.

22. The State Defendants deny the allegations contained in paragraph twenty-two of the Plaintiff's complaint.

23. The State Defendants deny the allegations contained in paragraph twenty-three of the Plaintiff's complaint.

24. The State Defendants deny the allegations contained in paragraph twenty-four of the Plaintiff's complaint.

25. The State Defendants deny the allegations contained in paragraph twenty-five of the Plaintiff's complaint.

26. The State Defendants deny the allegations contained in paragraph twenty-six of the Plaintiff's complaint.

27. The State Defendants deny the allegations contained in paragraph twenty-seven of

the Plaintiff's complaint.

28. The State Defendants deny the allegations contained in paragraph twenty-eight of the Plaintiff's complaint.

29. The State Defendants deny the allegations contained in paragraph twenty-nine of the Plaintiff's complaint.

30. The State Defendants deny the allegations contained in paragraph thirty of the Plaintiff's complaint.

31. Denied. Further, the Plaintiff's refusal to comply with the MDOC's Administrative Remedies Program fails to relieve him from the requirement under 42 U.S.C. § 1997(e) to exhaust those remedies prior to filing this action.

32. Denied, and this action is brought prematurely and should be dismissed pursuant to the requirements and proscriptions of the Prison Litigation Reform Act.

## COUNT ONE

### VIOLATION OF RIGHT TO BE FREE FROM
### CRUEL AND UNUSUAL PUNISHMENT PURSUANT TO
### THE FIFTH, EIGHTH AND FOURTEENTH AMENDMENTS TO
### THE UNITED STATES CONSTITUTION
### 42 U.S.C. § 1983

33. The State Defendants reallege and incorporate by reference, their Answers to paragraphs one through thirty-two.

34. The State Defendants deny the allegations contained in paragraph thirty-four of the Plaintiff's complaint.

35. The State Defendants deny the allegations contained in paragraph thirty-five of the Plaintiff's complaint.

36. The State Defendants deny the allegations contained in paragraph thirty-six of the Plaintiff's complaint.

37. The State Defendants deny the allegations contained in paragraph thirty-seven of the Plaintiff's complaint.

38. The State Defendants deny the allegations contained in paragraph thirty-eight of the Plaintiff's complaint.

39. The State Defendants deny the allegations contained in paragraph thirty-nine of the Plaintiff's complaint.

40. The State Defendants deny the allegations contained in paragraph forty of the Plaintiff's complaint.

41. The State Defendants deny the allegations contained in paragraph forty-one of the Plaintiff's complaint.

42. The State Defendants deny the allegations contained in paragraph forty-two of the Plaintiff's complaint.

43. The State Defendants deny the allegations contained in paragraph forty-three of the Plaintiff's complaint.

44. The State Defendants deny the allegations contained in paragraph forty-four of the Plaintiff's complaint.

45. The State Defendants deny the allegations contained in paragraph forty-five of the Plaintiff's complaint.

46. The State Defendants deny the allegations contained in paragraph forty-six of the Plaintiff's complaint.

47. The State Defendants deny the allegations contained in paragraph forty-seven of the Plaintiff's complaint.

48. The State Defendants deny the allegations contained in paragraph forty-eight of the Plaintiff's complaint.

49. The State Defendants deny the allegations contained in paragraph forty-nine of the Plaintiff's complaint.

50. The State Defendants deny the allegations contained in paragraph fifty of the Plaintiff's complaint.

51. The State Defendants deny the allegations contained in paragraph fifty-one of the Plaintiff's complaint.

52. The State Defendants deny the allegations contained in paragraph fifty-two of the Plaintiff's complaint.

53. The State Defendants deny the allegations contained in paragraph fifty-three of the Plaintiff's complaint.

54. The State Defendants deny the allegations contained in paragraph fifty-four of the Plaintiff's complaint.

55. The State Defendants deny the allegations contained in paragraph fifty-five of the Plaintiff's complaint.

56. The State Defendants deny the allegations contained in paragraph fifty-six of the Plaintiff's complaint.

57. The State Defendants deny the allegations contained in paragraph fifty-seven of the Plaintiff's complaint.

58. The State Defendants deny the allegations contained in paragraph fifty-eight of the Plaintiff's complaint.

### COUNT TWO
### VIOLATION OF MISS. CODE ANN. § 99-19-51
### THE DUE PROCESS CLAUSE OF THE
### FOURTEENTH AMENDMENT TO THE UNITED STATES
### CONSTITUTION, AND 42 U.S.C. § 1983

59. The State Defendants reallege and incorporate by reference, their Answers to paragraphs one through fifty-eight above.

60. The allegations contained in paragraph sixty of the Plaintiff's complaint is a statement of law and the State Defendants would respond that the referenced statute speaks for itself and that the Department of Corrections acts in compliance with its provisions. Otherwise, the allegations contained in paragraph sixty are denied.

61. The allegations contained in paragraph sixty-one of the Plaintiff's complaint represent a statement of law and the State Defendants would respond that the referenced statute speaks for itself and that the Department of Corrections acts in compliance with its provisions and further, that the State Defendants have not violated any of the Plaintiff's interests in life and liberty as protected by statute or otherwise.

62. The State Defendants deny the allegations contained in paragraph sixty-two of the Plaintiff's complaint.

### EQUITABLE AND INJUNCTIVE RELIEF SOUGHT

63. The State Defendants reallege and incorporate by reference, their Answers to paragraphs one through sixty-three above.

64. The State Defendants deny the allegations contained in paragraph sixty-four of the

Plaintiff's complaint.

65. The State Defendants deny the allegations contained in paragraph sixty-five of the Plaintiff's complaint.

66. The State Defendants deny the allegations contained in paragraph sixty-six of the Plaintiff's complaint.

67. The State Defendants deny the allegations contained in paragraph sixty-seven of the Plaintiff's complaint.

68. The State Defendants deny the allegations contained in paragraph sixty-eight of the Plaintiff's complaint.

69. The State Defendants deny the allegations contained in paragraph sixty-nine of the Plaintiff's complaint.

70. The State Defendants deny the allegations contained in paragraph seventy of the Plaintiff's complaint.

71. The State Defendants deny the allegations contained in paragraph seventy-one of the Plaintiff's complaint.

72. The State Defendants deny the allegations contained in paragraph seventy-two of the Plaintiff's complaint.

73. The State Defendants deny the allegations contained in paragraph seventy-three of the Plaintiff's complaint.

**PRAYER FOR RELIEF**

1. Denied.

2. Denied.

3. Denied.

4. Denied.

5. Denied.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Plaintiff's complaint fails to state a claim against the State Defendants upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The court lacks jurisdiction over the party and the asserted claims in this cause.

### THIRD AFFIRMATIVE DEFENSE

The State Defendants are entitled to and hereby affirmatively plead their Eleventh Amendment immunity to suit and liability in this cause, including relief from discovery procedures.

### FOURTH AFFIRMATIVE DEFENSE

The Defendants are entitled to and hereby affirmatively plead their federal law qualified immunity to suit and liability in this cause, including relief from discovery procedures.

### FIFTH AFFIRMATIVE DEFENSE

The Defendants are entitled to and hereby affirmatively plead their state law qualified immunity defenses to suit and liability in this cause, including relief from discovery procedures.

### SIXTH AFFIRMATIVE DEFENSE

The Defendants are entitled to and hereby affirmatively plead their sovereign immunity defenses to suit and liability in this cause pursuant to and inclusive of the provisions of §11-46-1,

et, seq., Miss. Code of 1972, as annotated and amended.

### SEVENTH AFFIRMATIVE DEFENSE

The Plaintiff's Complaint is subject to the exhaustion of remedies requirement of 42 U.S.C. § 1997(e), and this action is barred for failure to comply therewith.

### EIGHTH AFFIRMATIVE DEFENSE

The State Defendants are not personally liable for damages pursuant to 42 U.S.C. § 1997.

### NINTH AFFIRMATIVE DEFENSE

There was insufficient service of process on Defendants, Christopher Epps and Lawrence Kelly.

### TENTH AFFIRMATIVE DEFENSE

The asserted claims are barred by doctrines of collateral estoppel, res judicata and law of the case.

Respectfully submitted

**JIM HOOD**
ATTORNEY GENERAL
STATE OF MISSISSIPPI

**JASON L. DAVIS**
SPECIAL ASSISTANT ATTORNEY GENERAL

s/ *Jason L. Davis*

ATTORNEY FOR DEFENDANTS

OFFICE OF THE ATTORNEY GENERAL
P.O. Box 220 Jackson, MS 39205
Telephone: (601) 359-3680
Telefax: (601) 359-3796

## CERTIFICATE OF SERVICE

      This is to certify that I, Jason L. Davis, Special Assistant Attorney General for the State of Mississippi, have electronically filed the foregoing Answer with the Clerk of the Court using the ECF system which sent notification of such filing to the following:

    Jim Davis
    1904 2th Avenue
    Post Office Box 1839
    Gulfport, MS 39502-1839

    Daniel S. Brennan
    Richard Klawiter
    203 N. LaSalle
    Suite 1900
    Chicago, IL 60601

This the 27th day of August, 2009.

                                          s/ *Jason L. Davis*